WILLIAM LEIBEL v. MICHAEL GOLDEN AND OTHERS.
JOHN LEIBEL v. SAME.
JOSEPHINE LEIBEL v. SAME.
CARRIE LEIBEL v. SAME.[1]

July 27, 1917,

Nos. 20,435, 20,436, 20,437, 20,438—(215, 216, 217, 218).

**Assault and battery.**

In an action against four defendants for an assault the evidence is *held* insufficient to justify submitting to the jury the claim of a conspiracy. The charge in submitting such claim was prejudicially erroneous as to two of the defendants, who were not conclusively shown to have participated directly in the alleged assault or as aiders or abettors; but as to the other two defendants, who actively participated, and who confessedly were either justifiably defending themselves or were the aggressors, and who were by the general verdict of the jury found to be the aggressors, it was not prejudicial for it did not affect the question of their liability nor the amount of damages to be awarded.

Four actions in the district court for Anoka county. William Leibel, as father of a minor son, claimed $1,000 damages. John Leibel claimed $11,150; Josephine Leibel, $500 and Carrie Leibel, $1,500. The cases were tried together before Giddings, J., who when plaintiffs rested and at the close of the testimony denied separate motions of defendants to dismiss the actions and separate motions by defendants for directed verdicts, and a jury which returned verdicts in favor of respective plaintiffs for $50, $1,500, $10 and $100. From an order denying their motion for new

[1]Reported in 163 N. W. 991.

trials, defendants appealed. Affirmed as to defendants George Golden and Joe Golden and reversed as to defendants Michael Golden and Jack Golden.

*Will A. Blanchard and Young, O'Brien & Stone,* for appellants.

*Hall & Tautges,* for respondents.

DIBELL, C.

Four actions for assault, tried together, in each of which Michael Golden, George Golden, Jack Golden and Joe Golden were the defendants. In one John Leibel was the plaintiff, in another William Leibel, as father of Reuben Gordon Leibel, a minor, in another Josephine Leibel, and in the other Carrie Leibel. In each there was a verdict for the plaintiff against all of the defendants. The defendants appeal from the order denying a motion made on behalf of each for a new trial.

The court submitted the cases to the jury upon the theory of a pre-existing conspiracy to commit an assault as well as upon the theory of the commission of an assault by the defendants jointly or separately. The important question is whether there was evidence justifying the submission of the claim of conspiracy.

The Leibels and Goldens were neighbors living on their farms in Anoka county. The alleged assault took place at a nearby school house at the close of a school election on the night of July 18, 1914. In the school house unfriendly words passed between Josephine Leibel and Michael Golden. On the outside, as the people assembled were leaving, there was a spirited quarrel between Josephine Leibel and Agnes Golden who was a sister of Joe Golden and a niece of Michael Golden. This quarrel had some connection with the talk between Mrs. Leibel and Mike Golden in the school house. The men folks at once became champions and a fight resulted. In it John Leibel received injuries which the jury were justified in finding so severe as to warrant substantial damages. The injuries to the other three were slight. George and Joe were active participants. They claim that John Leibel was the aggressor and that they did no more than they might rightfully do in self-defense. The jury found on sufficient evidence that they were the aggressors. The evidence was such as to sustain a finding that Michael Golden aided and abetted so that he was chargeable as a participant and was jointly liable with the others. It

did not require such a finding. There was substantial evidence that he took no part except as a peacemaker. The evidence was such as to justify a finding that Jack Golden aided and abetted and thereby became a participant and a joint tort feasor. It did not require such a finding. There was evidence sufficient to relieve him from liability.

If the case had been submitted to the jury solely upon the theory that all who aided and abetted at the time were joint participants in the wrong and liable for the result the verdict would be sustained. It was, however, submitted upon the theory that a conspiracy might be found; and that if there was a conspiracy all were liable for what any one did. Upon this theory the jury could have found Michael Golden and Jack Golden liable though they did not aid or abet or assist in the actual assault. Therefore if the evidence is not such as to sustain a finding of conspiracy there was error. An examination of it brings us to the conclusion that a finding of conspiracy is not sustained.

There was evidence that a feeling of unfriendliness had existed between the families for years; that there had been recent trouble over a roadway; that the defendant Michael had made loose threats or assertions suggesting violence, and that the families were of opposing factions at the school election which perhaps engendered some ill feeling. There was not much more. It is fairly clear that the quarrel between Mrs. Josephine Leibel and Miss Agnes Golden was the immediate occasion of the disturbance. The defendants had no express or implied understanding that they were to fight the plaintiffs or any of the Leibels. The quarrel of these two women precipitated a fight of the men of their families. They at once took up the quarrel and were immediately at blows. The fight was characterized by sudden impulse and spontaneity rather than by the pre-arrangement, planning or forethought which a conspiracy implies. We find no evidence, even circumstantial, substantially supporting the claim that there was a plan, arrangement or understanding essential to constitute conspiracy. We hold that it was error to submit the claim of conspiracy. This holding requires a new trial as to Michael Golden and Jack Golden. It does not as to George Golden and Joe Golden. These two actively participated in the fight. Either they were defending themselves or they were assaulting the Leibels. They do not claim otherwise. This was substantially the charge of the court. The jury on competent

evidence found by their general verdict that they were the aggressors. The verdict would have been against them whether the jury found or failed to find a conspiracy. A finding of conspiracy would not subject them to a liability not resting upon them without such a finding nor enhance the damages assessed against them. They were not prejudiced by the submission of the question.

The order is affirmed as to the defendants George Golden and Joe Golden and reversed as to the defendants Michael Golden and Jack Golden.

Affirmed in part and reversed in part.